UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC J. JOHNSON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-242 RM |
| | ) | (Arising out of 3:03-CR-83(01) RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

In May 2007, Eric Johnson filed a petition pursuant to 28 U.S.C. § 2255 claiming, in relevant part, that his counsel was ineffective for not challenging "the 100-to-1 ratio for crack cocaine." Mr. Johnson argued that because his possession of crack cocaine had increased his sentence beyond what it would have been had he possessed powder cocaine, counsel was ineffective and his equal protection rights were violated. Mr. Johnson's § 2255 petition was denied on May 31, 2007 because, at that time, the 100:1 ratio established by Congress had been consistently upheld. *See, e.g.,* United States v. Buckner, 215 Fed. App. 530, 535 (7th Cir. 2007); United States v. Jointer, 457 F.3d 682, 686 (7th Cir. 2006). Mr. Johnson didn't appeal the denial of his § 2255 petition.

Amendments to the United States Sentencing Guidelines relating to the issue of crack vs. powder cocaine – Amendment 706, as amended by Amendment 711 – became effective on November 1, 2007, five months after Mr. Johnson's § 2255 petition was denied. In January 2008, Mr. Johnson filed a motion requesting

that his sentence be reduced pursuant to those amendments, and counsel was appointed to represent him. Counsel and the court reviewed Mr. Johnson's sentencing records and determined that because Mr. Johnson was not sentenced on the basis of cocaine base quantities, but was sentenced under the career offender provisions of U.S.S.G. § 4B1.1, he did not qualify for a sentence reduction. His motion for a sentence reduction based on the amendments to the sentencing guidelines was denied on March 17, 2008. Mr. Johnson filed a timely notice of appeal of the denial of his motion on March 26; his appeal currently pends before the Seventh Circuit Court of Appeals under Cause No. 08-1732.

Mr. Johnson is now before this court seeking reconsideration of the denial of his § 2255 petition under Federal Rule of Civil Procedure 60(b)(6). According to Mr. Johnson, even though he was sentenced as a career offender and, therefore, doesn't qualify for relief under the amended sentencing guidelines, that disqualification "lends further support to the arbitrary actions of the government for seeking enhancement against [him,] which is a violation of [his] due process rights." Mr. Johnson complains that "some defendants are enhanced, some are not. There are no safe-guarding procedures to determine this greatly increased punishment." He submits copies of prison progress reports and certificates he has received while incarcerated and asks that his 210-month sentence be reduced to a term of 120 months.

Federal Rule of Civil Procedure 60(b) allows a court to vacate an order that it entered as a result of mistake, inadvertence, excusable neglect, fraud, to

conform to newly discovered evidence, or for "any other reason that justifies relief," but "the ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000); *see also* Stoller v. Pure Fishing, Inc., 528 F.3d 478, 480 (7th Cir. 2008) ("[A]ll of the arguments in Stoller's Rule 60(b) motion could have been addressed . . . in the underlying appeal that was dismissed for failure to prosecute. A Rule 60(b) motion is not a substitute for appeal, and thus Stoller's attempt to use it as such was appropriately rejected."). Mr. Johnson's disagreement with the inapplicability of Amendments 706 and 711 to his sentence doesn't state a ground for relief under Rule 60(b)(6), but, instead, constitutes an issue for appeal.

To the extent Mr. Johnson seeks reconsideration of the denial of his § 2255 petition, his request is denied as not stating a ground for relief under Rule 60(b). To the extent Mr. Johnson seeks reconsideration of the denial of his motion for reduction of sentence under the amendments to the sentencing guidelines, Mr. Johnson's filing of an appeal on that issue deprives this court of jurisdiction to decide his motion. *See* Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999) ("The filing of the appeal . . . deprived the district court of jurisdiction over the case. . . . This rule is necessary to prevent one court's stepping on the toes of the other, which would waste judicial time as well as forcing the parties to proceed in two courts in the same case at the same time."); Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995) ("The filing of a notice of appeal is an event of jurisdictional

3

significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Accordingly, Mr. Johnson's Rule 60(b) motion [docket # 76] is DENIED.

SO ORDERED.

ENTERED:  September 12, 2008  


           /s/ Robert L. Miller, Jr.  
           Chief Judge
           United States District Court